## Ham *et al. versus* Smith.

1. A judgment-note given to a candidate for election, in consideration that he would withdraw in favor of another candidate. is void, and such a contract is prohibited by the Act of April 18th 1874, and cannot be enforced.

2. It was error to charge that such a contract was executed by the entry of judgment upon the note, and that judicial inquiry into the consideration thereof was thereby precluded.

April 4th 1878. Before Agnew; C. J., Sharswood, Gordon, Woodward and Trunkey, JJ. Mercur and Paxson, JJ., absent.

Error to the Court of Common Pleas of *Wayne county:* Of January Term 1878, No. 77.

This was a feigned issue directed on opening a judgment, wherein William A. Smith was plaintiff and Thomas J. Ham and others defendants.

In September 1876, Smith was nominated for the legislature, together with A. R. Howe, by the democratic convention of Wayne county. During the same month W. M. Nelson, a democrat, and F. W. Farnham, a republican, were nominated for the legislature, by a body styling itself an anti-court-house or taxpayer's convention. The democratic county committee proposed to Smith that he should withdraw from the ticket and permit Nelson to be substituted in his place. This he at first declined to do, but finally consented, on condition that the committee would reimburse him for the expenses he had incurred in obtaining his nomination. The defendants, three of the committee, then offered him their judgment-note for $500, payable in thirty days, which Smith accepted and withdrew from the ticket. The note was not paid at maturity,

[Ham *v.* Smith.]

when judgment was entered upon it and execution issued.  The writ was, however, stayed upon the affidavit of one of the defendants, setting forth the foregoing facts, and a rule granted to show cause why the judgment should not be opened and the defendants let into a defence.  This rule was subsequently made absolute and the case set down for trial.  At the trial several points were submitted by defendant, which in substance were that the note was an executory contract for the payment of money, and that having been given in consideration of plaintiff's withdrawal from the candidacy for the office of representative, was in violation of law, and its payment could not be enforced.

In the charge, the court, Waller, P. J., inter alia, said:—

" We hold as a rule of law, for the purposes of this case, that the entry of judgment upon the note constituted the contract in this case an executed contract, and the court will not unravel the transaction to hunt out an illegal consideration.  We think this case comes within the rule as laid down in Lestapies *v.* Ingraham, 5 Barr 81, and recognised and adopted in Fox *v.* Cash, 1 Jones 212; and Evans *v.* Dravo, 12 Harris 62.  We think it a wholesome rule that though a contract be contrary to public policy, it is, nevertheless, if fully executed, binding on the parties.  We therefore withdraw the evidence offered by defendants from your consideration, and direct a verdict for the plaintiff on the judgment.  This renders it quite unnecessary to answer the points as presented by the parties *seriatim.*"

The verdict was rendered accordingly for plaintiff for $526, and judgment was entered thereon.

The defendants then took this writ and assigned for error the charge of the court as above.

*C. S. Minor* and *H. Wilson*, for plaintiffs in error.—The court had the power to open the judgment and order a feigned issue: Kellogg *v.* Krauser, 14 S. & R. 143; Hopkins *v.* West, 2 Norris 110.  The contract was against public policy and void: Filson *v.* Himes, 5 Barr 452; Clippinger *v.* Hepbaugh, 5 W. & S. 315; Hatzfield *v.* Gulden, 7 Watts 152; Hunter *v.* Nolf, 21 P. F. Smith 282.  There can be no recovery upon a note made in execution of an illegal contract: Morris Run Coal Co. *v.* Barclay Coal Co., 18 P. F. Smith 188.  The cases cited by the court below are clearly distinguishable from this, and do not sustain the court's ruling.  The contract in the present case is void, also, under the provisions of the Act of April 18th 1874, Purd. Dig. 1866, pl. 36, 37.  That act enumerates the purposes for which money may be used to further the nomination and election of candidates for legislative and other offices.

*E. O. Hamlin, G. G. Waller* and *H. M. Seely*, for defendant in

[Ham v.Smith.]

error.—This judgment (the making of the note, upon which it is founded, being admitted in the affidavit upon which the motion to open the judgment was based) needed no support at the outset, from the note or anything else : Cannell v. Crawford County, 9 P. F. Smith 200. Smith had withdrawn, and the note was given and accepted as the fulfilment and execution of the agreement to pay his expenses, and long after the results of the withdrawal had been obtained by the parties judgment was regularly entered upon the note. It was an executed contract : Baker et ux. v. Lukens, 11 Casey 146. The giving of the note therefore was no part of the original transaction. Where, as here, the contract has been executed, and one of the parties holds the result, and the action is not on the contract precluded but upon another instrument unimpeachable upon its face, requiring no evidence to sustain it, he should not be allowed to go into the original transaction to show that the thing sought to be recovered was the result of an illegal transaction. This principle is well settled in Pennsylvania in Lestapies v. Ingraham, supra ; and in Fox v. Cash, 1 Jones 211 ; Evans v. Dravo, 12 Harris 62 ; and approved in Walker v. Kremer, U. S. Circuit Court, in 4 W. N. C. 544. An agreement is not void on the ground of public policy unless it manifestly contravenes it and is injurious to the interests of the state : Chitty on Contracts *579. The rule as to public policy is not to be extended : Richardson v. Mellish, 2 Bing. 229. The cases cited by plaintiffs in error it is respectfully submitted do not apply. This is not the case of a violation of a statute, as in Hopkins v. West, 2 Norris 110. The Act of April 18th 1874, has no application, no person concerned herein at the time said note was given being a candidate for any office whatever, and the law is applicable only to candidates.

Mr. Justice GORDON delivered the opinion of the court, May 6th 1878.

The rule to open the judgment in this case, was made absolute by consent of the parties, and no conditions were imposed upon the defendants. The plaintiff must therefore prove his case as on a new trial : Carron v. Coulter, 2 Grant 131. Hence, the court erred in holding the judgment itself to be an important fact in the issue trying. The order opening the judgment vacated it, except for the purposes of lien, and whether the plaintiff was ever again to recover it depended upon the case which should be presented to the court and jury. The only question we have before us is, whether the consideration of the note of Ham et al. to Smith, could be made the subject of judicial inquiry ? That that consideration was in fact illegal is not doubtful. According to Smith's own testimony, it was proposed by a committee of his party, that he, as the nominee for representative, should withdraw in order that Nelson might be substituted. This he agreed to do, if they would pay him the sum

6 NORRIS—5

[Ham *v*. Smith.]

of $500, at the same time threatening if his terms were not complied with, to run at all events. The result was the note in controversy. Now it matters not that he had spent this amount or more in securing his nomination, it was nevertheless the price to be paid for his withdrawal, and the price to be paid in order to remove a competitor from the way of Nelson; in other words, it was so much to be paid in order to secure Nelson's election. Furthermore, the committee had no choice; his expenses, as he chose to term them, might have been $500, or they might have been nothing; that was Smith's price, and they must agree to pay it or run the risk of having Nelson defeated. That this whole transaction was, therefore, corrupt, immoral and within the prohibition of the act of 18th of April 1874, is not doubtful. To cite authority to prove that courts should not lend their aid to enforce contracts, such as this, would be spending time to no purpose, since no one doubts it. But it is said the contract has been executed, and, therefore, the courts will not interfere. The law is, undoubtedly, well stated if the fact were so. But the contract has not been executed, and the court is now required to lend its aid for the purpose of its execution. Judgment is asked upon the note, and the proof shows the note to be part of an illegal and void contract; how, then, can the court enforce it? As was said by Mr. Justice AGNEW, in answer to an argument similar to the above, in the case of The Morris Coal Co. *v.* The Barclay Coal Co., 18 P. F. Smith 188, " When a bill, note or bond is but an instrument to execute an illegal contract, it is tainted by the illegality and cannot be recovered. The illegal consideration enters directly into the instrument, and is followed up because the law will not permit itself to be violated by mere indirection."

Were the doctrine otherwise, every illegal contract, however much opposed it might be to public morality or even to common decency, might be readily and securely covered from judicial inquiry by the mere interposition of a note or bond. Were it only a question between the parties we might leave them to the consequences of their own contracts, but it is not so ; it extends further and involves the public welfare, and we certainly know that the best way to suppress any public vice is to make it unprofitable.

Judgment reversed, and a *venire facias de novo* awarded.