## Harbaugh, Adm'r, v. Butner, Appellant.

[Marked to be reported.]

*Opened judgment—Judgment note—Burden of proof.*

Where a judgment is opened without terms by agreement of the parties, the burden of proof is upon the plaintiff.  The judgment having been opened amounts to nothing except for the purposes of lien, but a judgment note on which it was entered remains and stands as the plaintiff's cause of action, and by putting it in evidence, plaintiff establishes a prima facie case and puts defendant to a defence.

Ham v. Smith, 87 Pa. 63, distinguished.

*Consideration—Mutual fraud—Contract executed or executory.*

A judgment note given in order to defraud creditors of the maker,

148    273
21 SC  615
148    273
27 SC  1612
148    273
28 SC  166

while void as to the creditors, is good between the parties to the note. The law holds them to the consequences' of their fraud, and will not lend its aid to either party to avoid them. It makes no difference whether the contract is executed or executory.

Argued March 9, 1892.   Appeal, No. 190, July T., 1891, by defendant, Martha Butner, from judgment of C. P. Franklin Co., Feb. T., 1891, No. 52, on verdict for plaintiff, Linn Harbaugh, administrator of Charles Lightner, deceased. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Defence to judgment entered on judgment note opened on petition by agreement.

At the trial before STEWART, P. J., plaintiff offered in evidence defendant's judgment note to his decedent, on which judgment had been entered, and rested.

Defendant then offered to prove that the judgment note was founded on no debt owed by defendant, but was given in exchange for another judgment note given by plaintiff's intestate to defendant for a similar amount, on which said note judgment was confessed, execution issued, and the real estate of the said decedent sold by the sheriff and purchased by defendant; all this being done on the part of the decedent for the purpose of getting his property out of the reach of his creditors and cheating and defrauding them ; this for the purpose of proving confederate fraud between plaintiff's intestate and defendant.

Objected to, objection sustained, evidence excluded and bill sealed for defendant.

Substantially the same offer having been made in three different forms, and at considerable length, the evidence was in all cases rejected by the court, and binding instructions were given to the jury to find for the plaintiff.

Verdict for plaintiff for $1,218 and judgment thereon.   Defendant appealed.

*Errors assigned* were (1–3) the rejection of the evidence above indicated, quoting the offer and bills of exceptions; (4) the giving of binding instructions.

*O. C. Bowers, Sharpe & Sharpe* with him, for appellant.—A judgment entered upon warrant of attorney is an executed con-

tract, but in the present case the judgment was opened by agreement and the defendant let into a defence generally. Plaintiff was therefore compelled to prove his cause of action as in an ordinary action of assumpsit: Ham v. Smith, 87 Pa. 63.

Blystone v. Blystone, 51 Pa. 373, and Winton v. Freeman, 102 Pa. 366, are distinguishable, because in those cases the judgment was not opened by agreement.

The contract is substantially an executory contract, and the law will not enforce it: Miller's Ap., 30 Pa. 478 ; Blystone v. Blystone, supra.

There is no evidence that Lightner's estate was insolvent ; the presumption is that the action is brought in the interest of his heirs, who have no higher rights than he : Buehler v. Gloninger, 2 Watts, 226 ; Stewart v. Kearney, 6 Watts, 453 ; Pringle v. Pringle, 59 Pa. 286 ; Bouslough v. Bouslough, 68 Pa. 499.

The rule in the later cases seems to be that whenever a note or bond is founded upon an illegal, immoral or fraudulent consideration, the defendant will be permitted to offer this fact in evidence : Morris Run Coal Co. v. Barclay Coal Co., 68 Pa. 174 ; Ham v. Smith, supra ; Johnson v. Hulings, 103 Pa. 498 ; Bredin's Ap., 92 Pa. 241.

Even admitting that the note in suit is still to be regarded as an executory contract, yet the judgment itself was void because it involved a violation of a criminal statute.    The interchange of judgment notes for the purpose of defrauding Lightner's creditors was within the very letter of the act of June 23, 1885, P. L. 136.

Every contract made for or about any matter or thing which is prohibited and made unlawful by statute, is a void contract : Columbia Bridge Co. v. Haldeman, 7 W. & S. 233 ; Holt v. Green, 73 Pa. 198 ; Bredin's Ap., supra ; Thorne v. Insurance Co., 80 Pa. 15 ; Bank of U. S. v. Owens, 2 Peters 538.

*Alexander Stewart, Plough* and *Rowe,* for appellee.—That the contract, even after the opening of the judgment, remained an executory contract, is shown by Gill v. Henry, 95 Pa. 388 ; Winton v. Freeman, 102 Pa. 366 ; which were decided later than Ham v. Smith, 87 Pa. 63 ; as well as numer-

ous decisions made prior thereto : Carson v. Coulter, 2 Grant 121, does not support the dictum of Mr. Justice GORDON in Ham v. Smith.

The general rule is that an illegal contract, when executed, is beyond relief : 9 Am. & Eng. Ency. of Law, 882 ; Wharton on Contracts, § 352 ; Collins v. Blantern, 1 Smith L. C.

An exception exists only " when parties to a contract illegal or against public policy are not in pari delicto (and they are not always so), and when public policy is advanced by allowing either, or at least the most excusable of the two, to sue for relief against the transaction, relief is given him : " Reynell v. Sprye, 1 D. M. G. 660 ; Wharton on Contracts, § 353 ; Story, Eq. Jur. 300 ; Jenkins v. Fowler, 24 Pa. 308.

OPINION BY MR. CHIEF JUSTICE PAXSON, March 28, 1892 :

The judgment in this case was opened, by the agreement of the parties, without terms. Upon the trial below, the plaintiff offered in evidence the judgment note, and rested. The defendant then offered to prove that the judgment note in question was given in pursuance of an arrangement between the plaintiff and the defendant to cheat and defraud the creditors of the former. See first, second and third specifications of error. The rejection of this evidence presents the only question in the case.

It was contended on the part of the defendant that the judgment having been opened without terms, it was the duty of the plaintiff to make out his case just as though no judgment had been entered, and Ham v. Smith, 87 Pa. 63, was cited in support of this proposition. We are of opinion that that case does not sustain the defendant's contention to the extent claimed for it. It is true it was said by Mr. Justice GORDON : " But it is said the contract has been executed, and, therefore, the courts will not interfere. The law is undoubtedly well stated if the facts were so. But the contract has not been executed, and the law is now required to lend its aid for the purpose of its execution." In that case a judgment note was given to a candidate for election, in consideration that he should withdraw in favor of another candidate, and it was held that such a contract is prohibited by the act of April 18, 1874, and cannot be enforced. It was further held that the contract was not exe-

cuted by the judgment upon the note, and that judicial inquiry into the consideration thereof was not precluded.

In the case in hand the burden of proof was upon the plaintiff. This burden he met and discharged when he produced and offered in evidence a single bill made and executed by the defendant, bearing date the 15th day of September, 1887, in and by which the defendant acknowledged her indebtedness to the plaintiff's intestate in the sum of $1,000. The judgment, having been opened, amounted to nothing except for the purposes of lien. But the note remained, and stands under the pleadings as the plaintiff's cause of action. Its execution and delivery were not denied, and having been admitted in evidence, it established a prima facie case for the plaintiff, and entitled him to recover, unless the defendant has shown some sufficient ground of defence thereto.

The evidence rejected would not have established such defence had it been admitted. While the transaction was a fraud upon the creditors of Charles Lightner, and void as to them, it was nevertheless good between the parties. In Winton v. Freeman, 102 Pa. 366, it was said by this court: "It is settled by numerous decisions that there is no more binding consideration known to the law than the mutual fraud of the parties. The books are full of cases where a party to the fraud has sought relief, in the courts, from the consequences of his unlawful act, but the decisions have been uniformly adverse to such applications. It is not the province of the law to help a rogue out of his toils."

When the defendant's note was offered in evidence, it presented a clean case. It disclosed no fraud. Were it otherwise, had the fraud appeared upon the face of the papers, the plaintiff could not have recovered for the reason that the law would not aid him in the perpetration of a fraud. But it is the defendant who sets up her own fraud as a defence to the note. Under all the authorities this cannot be done. The distinction between the case in hand and Ham v. Smith, supra, and that line of cases, is clear and distinct. In all of them the consideration was illegal between the parties. It follows logically that this want of consideration could be set up in an action between them. In the case in hand, while the note was a fraud upon creditors, and void as to them, it is nevertheless

good as between the parties. The law holds them to the consequences of their fraud, and will not lend its aid to either party to avoid them. It follows that it is entirely immaterial whether the contract is executed or merely executory. If it is executed, that is the end of it. If it is executory, and the fraud does not appear upon the face of the plaintiff's claim, the defendant cannot set it up as a defence. As she has made her bed so must she lie.

Judgment affirmed.