# D. Wheeler *v.* William Ahlers, Appellant.

189  138
198  610
189　　　138
27 SC  612

*Promissory notes—Forgery—Evidence.*

In an action on a promissory note by a holder against an indorser, where the defense is that the note had been fraudulently raised in amount by the maker after the indorsement, the door should be opened wide to all evidence tending to throw light on the transaction.

In an action upon a promissory note against an indorser where the defense is that the notes had been fraudulently raised by the maker after the indorsement, it is proper to admit evidence that the maker had in his possession notes of small amounts with genuine accommodation indorsements of defendant upon them, and that at or near the same time he passed to the plaintiff similar notes with what purported to be defendant's indorsement but for much larger amounts, which defendant denied having executed in that condition ; and it is also proper to admit in evidence a card testified to being in the maker's writing showing practice in changing figures in the very manner charged by the defendant as having been done upon the note in suit.

*Promissory notes—Evidence—Declarations.*

In an action on a promissory note against an indorser where the defense

is that the note had been fraudulently raised by the maker after the indorsement, a confession or statement by the maker as to the raising of the amounts of certain notes is inadmissible.

Argued Nov. 2, 1898. Appeal, No. 65, Oct. T., 1898, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1896, No. 93, on verdict for plaintiff. Before GREEN, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit upon promissory notes. Before STOWE, P. J.

At the trial, when defendant was on the stand, his counsel proposed to prove by him that on November 28, 1895, twelve days prior to the indorsement of the notes in suit, at the written request of John L. Cowan, one of the members of the firm, makers of the note in suit, which written request is offered in evidence, or will be in connection with this offer, the defendant indorsed four notes each for $150, at three, four, five and six months, from November 28, 1895, the dates thereof; that three of said notes were raised after they were indorsed from $150 to $750 each and passed by the said John L. Cowan to the plaintiff in this case, D. Wheeler; that subsequent to the indorsement of the notes in suit, to wit: on December 18, 1895, at the request of said John L. Cowan for an indorsement by the defendant of a note of $350 for the benefit of D. Wheeler, the plaintiff, the defendant indorsed a note at four months for $350, which was, after being indorsed, raised to $2,350, and passed to the said D. Wheeler, the plaintiff. This for the purpose of showing that the notes in suit were raised from $150 to $750 and from $175 to $775, as part and parcel of a scheme of forgery or raising of notes practised by the said John L. Cowan, one of the makers, upon the defendant.

Counsel for plaintiff objected to the proposed offer, as incompetent and irrelevant.

By the Court: Objection sustained and bill sealed for defendant. [1]

Harry Perkins having testified that he was detailed by his father's detective agency to make search for John L. Cowan, and that he found him in Gautemala, in the latter part of March, 1896, and brought him back to New Orleans, where he made a statement to the witness's father in the presence of the witness, which was reduced to writing by a stenographer and approved

by John L. Cowan and attested by the witness, and the witness having identified the paper marked exhibit "14" as said statement, counsel for defendant offered in evidence the portion of exhibit "14," reading as follows: "Mr. Perkins: Q. There is a note about which there seems to be some tangle. A note was given for $150, I think, or $250, and I understand that Mr. Ahlers says that this was raised by erasing to $750. Whom was that note given to? A. There were several notes of $100 and $150. One is held by Samuel Crawford. I don't remember the amount of this particular one—in the neighborhood of $150, I think. This note was altered, the figure 1 being changed into a 7. I telephoned to Mr. Ahlers that I wanted to see him, that the note was not large enough, and that I would have to have another one. He said he wouldn't be over in town soon, as he had several engagements, and didn't see how he could arrange it. I asked him if he would give me authority to change it; he said, yes, if I could fix it up so it would pass, to do so. The note was in blank, the figures were simply there. I changed the 1 to a 7, and changed it by his authority. The name of the Ahlers Lumber Company was then on the back. I got value received from Mr. Crawford for that $750 note. Then there were several Wheeler notes that the amounts were changed in precisely the same manner. These notes bore William Ahlers's indorsement when they were changed. They were not changed in his presence. I telephoned him about them. He told me to change them through the telephone. He was never present when the notes were changed. On several occasions when I could meet him I got him to write out new notes, but on several occasions when I couldn't arrange to meet him I changed them with his authority."

Mr. Patterson, of defendant's counsel: I offer that part of Mr. Cowan's statement to Mr. Perkins of New Orleans, to be followed by testimony of Mr. Ahlers that he never on any occasion gave to John L. Cowan any authority to change the amount of any note after he indorsed it.

Plaintiff objected to the offer as incompetent and irrelevant and inter alios acta; and also that there is nothing to show that it refers to these notes.

By the Court: Objection sustained and bill sealed for defendant. [2]

J. W. Smith, a relative of Mrs. W. G. Cowan, copartner of John L. Cowan, having testified that he took charge of the office of the firm after John L. Cowan disappeared, being February 28, 1896, as testified by a former witness, and that he had made examination of book containing entries of John L. Cowan, of bills payable, defendant's counsel proposed to prove by the witness that in a book kept in the office of the firm of W. G. Cowan & Son, by John L. Cowan, purporting to contain entries of bills payable of said firm there was a note dated December 10, 1895, to the order of William Ahlers at three months for the sum of $175.

Plaintiff objected that the books are the best evidence, and also as incompetent and irrelevant.

By the Court: Objection sustained and bill sealed for defendant. [3]

Counsel for defendant offered in evidence the card marked exhibit "5," that was found in the office of Mr. Cowan, containing memoranda on the back of it that Mr. Ahlers stated to be in Mr. Cowan's handwriting. This for the purpose of showing a practice of changing the amounts of the notes from one amount to another.

Plaintiff objected to the offer as incompetent and irrelevant.

By the Court: Objection sustained and bill sealed for defendant. [4]

Mr. Patterson : I first offer in evidence the letter of Cowan to Ahlers of date November 29, 1895, to be followed by proof by the testimony of William Ahlers that this letter requesting four notes amounting in the aggregate to $600 at three, four, five and six months, contained four notes of that description which he indorsed and returned to John L. Cowan. This to be followed by the letter marked exhibit "15," of Mr. Cowan to Wheeler, the plaintiff, which Wheeler has already identified as having received and as containing three notes for $750 each. This for the purpose of showing that on that date, November 29, Mr. Cowan was representing to the defendant that the indebtedness to Wheeler was $600, and that he asked for indorsements covering that amount, which were furnished and which went into the hands of Wheeler and were raised from notes of $150 to $750, three of them. For the further purpose of showing the improbability of Mr. Cowan coming to Mr. Ahlers, the same

indorser, within two weeks after that time, to wit: on December 10, 1895, to ask for indorsements amounting to $1,525 on account of an indebtedness to the same creditor, D. Wheeler.

Plaintiff objected to the offer as incompetent and irrelevant.

By the Court: Objection sustained and bill sealed for defendant. [5]

The letters offered are as follows, to wit:

"WILL : A party to whom we owe $600.00, due the 29th, has offered to give us 3, 4, 5 and 6 months' time on it if I will get a good endorser. I know of no one whose endorsement would be acceptable that I can get unless you would do it. Your own individual endorsement would do all right. If you will do this, please endorse the enclosed notes and mail them to me so I will get them early on the morning of the 29th, as my party will be at our office at 10 o'clock, and wants to leave before 12 if we get matters fixed up.

"Yours very truly,
"JNO. L. COWAN.

"D. Wheeler, of Reynoldsville, is the man."

"PITTSBURGH, PA., Nov. 30, '95.

"MR. D. WHEELER,

"Reynoldsville, Pa.

"Dear Sir: I enclose you herewith notes endorsed by William Ahlers, amounting to $2,250.00, which I wish you would use to fix up our past due matters in your bank. This party is the president of the Ahlers Lumber Co. The capital of that Company is $100,000.00, and William Ahler owns $77,000.00 of it. He also owns $15,000.00 stock in the Lutz Brewing Co., and considerable stock in the United States National Bank of Pittsburgh. He also owns the real estate on which the Ahlers Lumber Co.'s yard is located, and a good house and lot in Allegheny. In all he is worth considerable over $100,000.00, and I think his endorsement should be satisfactory to your bank. Let me hear from you and oblige,

"Yours very truly,
"JNO. L. COWAN."

Verdict and judgment for $1,684.25. Defendant appealed.

*Errors assigned* among others were (1–5) rulings on evidence, quoting the bill of exceptions.

*D. F. Patterson*, with him *Carroll P. Davis*, for appellant.— We claim that the forgeries of several notes of like character, near the same time, upon the same person, were several parts of one scheme of rascality, of the existence of which the jury were entitled to evidence, in order to enable them to intelligently pass upon the question of the raising of the notes in suit: Penna. Co. for Ins., etc., v. R. R., 153 Pa. 160; Winters v. Mowrer, 163 Pa. 239; Thomas v. Miller, 151 Pa. 482; Goersen v. Com., 99 Pa. 388.

As the confession admits changes by Cowan of notes delivered to Wheeler on several occasions, and, as the offer was proposed to be followed by testimony of Ahlers that he never on any occasion gave Cowan authority to change the amount of any note after he indorsed it, it was surely a question for the jury whether, under all the evidence, the confessed changes related to the notes in suit: Leas v. Walls, 101 Pa. 57.

*Levi Bird Duff*, with him *L. B. D. Reese*, for appellee.—As a general rule it is inadmissible, when the issue is whether A did a particular thing, to put in evidence the fact that he did a similar thing at some other time: Wharton on Evidence, sec. 29; Griffits v. Payne, 11 A. & E. 131; Thompson v. Mosely, 5 C. & P. 502.

The cases cited by the appellant are not applicable. Goersen v. Com., 99 Pa. 388, was the trial of an indictment for murder. It has no bearing on this case and needs no discussion.

Thomas v. Miller, 151 Pa. 482, and Winters v. Mowrer, 163 Pa. 239, were actions between the original parties and involved the issue of fraud as well as forgery.

OPINION BY MR. JUSTICE MITCHELL, January 2, 1899:

The action being assumpsit on promissory notes, by holder against indorser, the defense was that the notes had been fraudulently raised in amount by the maker after the indorsement. On such an issue all the authorities agree that the door should be opened wide to all evidence tending to throw light on the transaction. It is true that in general it is not competent to

prove an act, and especially a criminal offense, by evidence of a similar act at a different time, though such evidence may be strongly corroborative of the probability of the act or offense charged. But where the acts are connected as parts of a plan or scheme of fraud, the rule that excludes evidence is relaxed. In relation to the exact question here raised, the proof of forgery of a note by proof of forgery of other notes of the same kind under similar circumstances, at or near the same time, the authorities appear to sustain the competency of the evidence. The subject was very carefully considered by Judge THAYER in Penna. Co. for Ins., etc., v. R. R. Co., 153 Pa. 160, and his opinion adopted by this Court. The offers of evidence in the first, fourth and fifth assignments of error tended to show that Cowan, "the maker of the notes in suit, had in his possession notes of small amounts, with genuine accommodation indorsements of defendant upon them, and at or near the same time passed to the plaintiff similar notes, with what purported to be defendant's indorsement, but for much larger amounts, which defendant denied having executed in that condition." In addition, the offers included a card, testified to being in Cowan's writing, showing practice in changing figures in the very manner charged by the defendant as having been done here. These offers tended to show a scheme on the part of Cowan to get defendant's indorsements on notes of small amounts, and then raise the amounts by alteration of the figures before passing them to his creditors, and particularly to the plaintiff. The evidence therefore bore on the issue, and should have been admitted.

The second assignment, to the exclusion of a confession or statement by Cowan as to the raising of the amounts of certain notes, cannot be sustained. While Cowan himself might have testified to the facts, his ex parte statement, not under oath, and not subject to cross-examination, could not affect the rights of plaintiff as a bona fide holder of the raised note.

The other assignments do not require special notice. They are not sustained.

Judgment reversed and venire de novo awarded.