# Lauer v. Posey.

*Evidence—Forgery—Practicing handwriting.*

In an action upon promissory notes, where the defense alleges that the
notes were raised, an offer to prove that a witness had seen a paper in the
handwriting of the payee, upon which were written words and letters
similar to those alleged to be changed in the notes, for the purpose of
showing that the payee was practicing to carry on the forgery alleged, is
properly rejected where the paper upon which these writings were said to
have been made was not produced or offered in evidence ; nor is it error
in such a case to reject an offer to prove forgery by the payee of other notes
in transactions with which neither the plaintiff nor the defendant had any
connection, without the production of the other notes alleged to have been
forged.

*Promissory notes—Taking notes before maturity—Province of court and
jury.*

In an action upon a promissory note where the plaintiff's testimony that
he took the note before maturity is uncontradicted, and the consideration
is shown by a check and by the surrender of other notes whose genuineness
is not disputed, although the plaintiff is unable to remember the names of
the parties upon them, there is no necessity of submitting to the jury the
question whether the plaintiff had taken the note in suit for value before
maturity.

*Promissory notes—Forgery—Defense—Charge of court.*

In an action upon a promissory note where a forgery is alleged as a
defense, a point requesting instruction that the jury should find for the
defendant if she was not guilty of negligence in signing the notes, is prop-
erly refused, since the point ignores the condition that the jury might find
that a forgery had been committed,

Argued Nov. 12, 1900.   Appeal, No. 220, Oct. T., 1899, by defendant, from judgment of C. P. Berks Co., Dec. T., 1893, No. 7, on verdict for plaintiff in case of Frank P. Lauer v. Elizabeth Posey.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Assumpsit on two promissory notes by indorsee against maker. Before ENDLICH, J.

The defense was that the notes had been raised from $100 to $400.

When J. H. Jacobs was on the stand the following offer was made:

Mr. Deysher: It is proposed to show by the witness on the stand that he received from Charles H. Tyson papers from the office of A. Harvey Tyson, among which was a sheet or slip of paper in the handwriting of A. Harvey Tyson on which he had been practicing alteration of the word " one " to the word "four" and the figure "1 " to the figure "4 " by the insertion of the letter " F " before the word " one " and by the addition of the cross on the figure " 1."

Mr. Snyder: " Q. Did you receive this as attorney for Harvey Tyson?   A. I did not.   Q. You didn't represent Harvey Tyson?   A. If I did I wouldn't answer the question.   This was after my connection with this case here had closed,—there was no litigation at the time that I knew of when these papers were shown me."

Mr. Snyder: The objection is, that, in the first place, if there is any such paper, the paper should speak for itself; the offer proposes to give what is evidently the opinion of the witness or the counsel's opinion as to the character of the paper; in the next place, it is irrelevant and immaterial.

The Court: The papers themselves will have to be produced.

Mr. Deysher: We further propose to prove that the paper is not now in possession of the witness, that he doesn't have it and has not seen it and has not been able to obtain it.

It is proposed to prove that there was the word " one " written on the paper; immediately under it, in exactly the same " one," there was a letter " F " before, making the " F-o-n-e " or " F-o-u-r," just as he did in this case.

It is proposed to show that there was such a paper as that

in existence, that it was in Harvey Tyson's handwriting, and to show what there was on the paper.

Mr. Snyder: The objection is good as made; it is the question of the appearance of the paper that we are entitled to, and not the opinion of the witness or the recollection of the witness as to something at that time on a paper now lost or destroyed, how many years ago nobody knows.

The Court: If the defendant, by the testimony of this witness, can reproduce to the jury the appearance of the paper in such a way as to enable the jury to base its own inferences upon that testified portion of the paper, the offer may be admitted, and to that extent it is admitted, beyond that it is rejected; exception for plaintiff. [1]

The court under objection and exception refused the following offer:

We propose to prove by the witness on the stand that the indorsed notes for A. Harvey Tyson aggregated $8,100 when they were finally presented for payment; that in reality the notes were supposed to be renewals of notes aggregating about $800, and which had been altered in the time of payment and in the amount. [2]

Plaintiff's point among others was as follows:

1. It being the uncontradicted evidence that the plaintiff received the notes in suit before they became due, for a valuable consideration, it is immaterial whether the defendant was indebted to A. Harvey Tyson or not when she issued the notes. *Answer:* Affirmed. [8]

Defendant's points were as follows:

1. If the jury find that when Elizabeth Posey signed the notes in suit she used the ordinary care generally taken by ordinarily prudent people when they sign negotiable paper, and further find that the notes in suit were written in the sum of $100 when they were signed by the said Elizabeth Posey, then the verdict must be in favor of the defendant. *Answer:* Refused. [9]

2. It was not necessary when Elizabeth Posey signed the notes in suit that she should see that the notes were so written as to prevent the possibility of alteration in any event; all that is necessary is the use of ordinary care, and if the jury find that the defendant used ordinary care, the verdict must be in favor of the defendant. *Answer:* Refused. [10]

3. If the jury find that the notes upon which this suit is founded are forgeries, and that Elizabeth Posey used the ordinary care taken by ordinarily prudent people, then the verdict must be in favor of the defendant. *Answer :* Refused. [11]

Verdict and judgment for plaintiff for $1,064.94. Defendant appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions. (8–11) Above instructions, quoting them.

*E. H. Deysher,* of *O'Reilly & Deysher,* for appellant.—Jacobs's testimony should have been received : Wheeler v. Ahlers, 189 Pa. 138.

The defendant was only required to use the ordinary care taken by ordinarily prudent people when she signed the notes in suit: Worrall v. Gheen, 39 Pa. 388 ; Leas v. Walls, 101 Pa. 57.

*Jefferson Snyder,* of *Baer, Snyder & Zieber,* for appellee.— The court below permitted the introduction of every paper produced, and only halted the defendants when it came to testifying as to papers not produced and as to which the jury could have no inspection.

The Act of May 15, 1895, P. L. 69, permitted experts to testify to their opinions as to the simulation or alteration of documents, but that act plainly contemplates that these opinions shall be given concerning documents produced and shown to the jury.

OPINION BY WILLIAM W. PORTER, J., January 22, 1901 :

The defendant offered in effect to prove by a witness that the latter had seen a paper in the hand writing of the payee of the notes sued upon, upon which were written words and letters similar to those alleged to be changed in the notes in suit, for the purpose of showing that the payee was practicing to carry on the forgery alleged to have been perpetrated in the notes in suit. It is to be observed that the paper upon which these writings were said to have been made, was not produced or offered in evidence. In Wheeler v. Ahlers, 189 Pa. 138, a card was admitted in evidence, which was found in the office

of an alleged forger, having upon it memoranda in his hand-writing showing practice in changing figures in the manner charged by the defendant as having been done upon the note in suit. Its admission, after proper identification, raised palpably a different proposition from that presented in this case. With the card actually before the jury, they were able to pass upon its authenticity, upon the character of the marks upon it, whether the alterations experimented with on the card were similar to those alleged to be upon the note, and to what extent the card itself was proof of the alteration on the note submitted to the jury. Here, the offer was to substitute the opinion of a witness as to the similarity and authenticity. He was asked to speak of these important matters after a number of years. In the absence of the paper itself no method, known to the trial of causes, could be found to test the correctness of the witness's statements. The testimony did not purport to come from one who saw the marks made, and the result of the testimony could be no more than the expression of an opinion without adequate data by which the jury might measure its value. To have admitted the testimony, therefore, would have transferred to the witness functions which could alone be performed by the jury. To put the apt expressions used by Judge THAYER, in Pennsylvania Co. v. Phila., etc., R. R. Co., 153 Pa. 160, in negative form : it was not " putting in evidence the workshop and the material in and by which the nefarious business had been carried on and by means of which the forgeries in this case had been accomplished." It did not show the alleged forger " in the very act, as it were, of practicing for the forgeries which he made." It may be conceded that where the defense is based upon a scheme to defraud, the rules relating to the admissibility of evidence must be relaxed. But we are not prepared to approve the admission of testimony having the defects above indicated, and, therefore, confirm the action of the court below in the ruling made.

The second assignment is to the rejection of an offer to prove forgery by the payee, of other notes in transactions with which neither the plaintiff nor the defendant had any connection and without the production of the notes alleged to be forged. The court below permitted the introduction of such testimony when the notes alleged to have been forged were produced,

but drew the line at the introduction of general oral testimony respecting alleged forgeries of notes of which the jury were not intended to have inspection, and in this there was no error. The third, fourth, fifth, sixth and seventh assignments are to rulings made by the court below restricting or rejecting testimony attempted to be introduced through cross-examination. We find no abuse to have been committed of the broad discretion lodged in a trial judge in ruling upon matters relating to cross-examination. The eighth assignment complains that the trial judge affirmed the following point : " It being the uncontradicted evidence that the plaintiff received the notes in suit before they came due for a valuable consideration, it is immaterial whether the defendant was indebted to A. Harvey Tyson, or not, when she issued the notes." No attempt is made to contradict the testimony of the plaintiff that he took the notes before they were due. .The cash used in part payment for them is traced by the testimony by means of the check given. The balance of the consideration was the surrender of certain other promissory notes. True, the plaintiff was unable to remember the names of the parties upon these surrendered notes, but no testimony challenges the genuineness or the value of the notes. Under such circumstances, there was no necessity of submitting to the jury the question whether the plaintiff had taken them for value before maturity. The refusal of the point requesting instruction that the jury should find for the defendant, if she was not guilty of negligence in signing the notes, was not error. The point ignored the condition that the jury should find that a forgery had been committed. The other assignments are without merit, since under the law, correctly stated in the charge of the court, and the submission of the case to the jury, their finding of fact is that no forgery was committed. The lack of observance of our rules in the presentation of the assignments of error would have justified us in ignoring the latter, but we have preferred to dispose of the case on its merits.

The judgment is affirmed.