# Bunnell, Appellant, *v.* Kintner.

*Evidence—Rebuttal—Judgment note—Alteration.*

On the trial of an issue to determine the validity of a judgment entered on a judgment note, if the trial judge admits the note in evidence against the objection of the defendant that there were material alterations on the face of the note, the plaintiff may rest on the prima facie case made out. If the defendant then introduces evidence tending to show material alterations on the face of the note above the signature, whose genuineness is admitted, the plaintiff may in rebuttal offer evidence to sustain the validity of the note. The defendant cannot object to such evidence as improper in rebuttal on the ground that it was part of the plaintiff's case in chief and should have been offered at the opening of plaintiff's case.

In such a case if no error is assigned to the admission of the note, the appellate court will not pass upon the correctness of the ruling, although the original note is produced at the argument on the appeal.

Argued Jan. 12, 1905. Appeal, No. 12, Jan. T., 1905, by plaintiff, from judgment of C. P. Luzerne Co., June T., 1901. No. 60, on verdict for defendant in case of James L. Bunnell *v.* Julius A. Kintner. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Rule to open judgment.

Issue to determine the validity of a judgment.  Before Lynch, P. J.

At the trial the court admitted in evidence the judgment note in controversy notwithstanding the objection of the defendant that the note showed material alterations on its face. Plaintiff then rested.  The defendant offered testimony to establish the alterations.  George A. Transue was then called in rebuttal by defendant, and the following offer was made:

Plaintiff offered to prove by George A. Transue that he has had long experience as teacher in commercial colleges, and in other ways, in handwriting, that he is an expert in that line. It is proposed to hand him the note in suit and show by him that in his opinion the word "push" has not been changed from the word "on" or any other word and that nothing has been added to the paper since it was signed.  This for the purpose of rebutting the testimony offered by the defendant, tending to show that there had been a change from the word "on" to the word "push" and that certain additions were made in the note after the signing thereof, authorizing a confession of judgment.

Defendant's counsel object to the proposed evidence on the ground that under the pleadings in this case the burden was upon the plaintiff to make out his whole case in chief, and that when he rested his case upon offering the note simply, and showing its execution, by the subscribing witness, he thereby precluded himself from offering testimony in rebuttal which would explain the note, and which was properly a part of his case in chief.  Also in accordance with the rules of court the defendant having denied that this note was executed by him in its present form, by affidavit and on deposition, it put the plaintiff upon notice and imposed upon him the necessity of proving as a part of his case in chief that the note was in its present form at the time it was signed.  Therefore the testimony is objected to as not properly in rebuttal.  Objection sustained, exception noted and bill sealed for plaintiff. [3]

James L. Bunnell, plaintiff, recalled in rebuttal in his own behalf.

Plaintiff proposes to show by the witness on the stand the conversation that took place in his office when this note was

signed, the statements made to him by Kintner with reference to the validity of the claim and the other things that were said and done there; who the New York witnesses were as to the accident, the validity of the accident claim and what he said he had been offered by the company to settle, and what he had been offered by some other lawyer to give the other lawyer the case, and everything that was said and done at the time of the execution of the various papers offered in evidence.

Defendant's counsel object to any conversation as to the validity of the claim or any description of it or its legal effect, by Mr. Kintner to Mr. Bunnell, for the reason that such evidence is irrelevant, immaterial and incompetent. All of this offer is objected to by defendant's counsel for the reason that it was the duty of the plaintiff, under the pleadings in this case, and the state of the record showing the opening of the judgment, and the depositions and the issue which the court has framed, to establish his case in chief; and having rested his case without having done so, he cannot now be permitted to do so in rebuttal; and that this evidence is in no sense rebuttal because it was plainly part of the plaintiff's case in chief.

Plaintiff desires to prove, farther, by the witness on the stand that the defendant, in stating to him the case he had against the New York company or the railway company in New York, gave to the plaintiff the names of the two witnesses who, as he alleged, witnessed the accident, and who would inform Mr. Bunnell as to the facts in the case; and that in pursuance of the representations made by the defendant, Mr. Bunnell went to New York to interview those witnesses, that he saw one and failed to see the other; that he afterwards wrote to the other witness to whom he was referred, and received an answer to his letter; that both of these people made entirely different statements to Mr. Bunnell from those the defendant alleged they would make. This is for the purpose of contradicting the defendant.

Defendant objects to this offer because the issue in this case is to determine whether or not the defendant executed the paper in question in the form in which it now appears, and that upon that question the evidence offered in the concluding offer just made has no relevancy; does not throw any light

upon the question whether this note was altered or not, and as before objected, if it is relevant it was a part of plaintiff's case in chief.

Objection sustained, exception noted and bill sealed for plaintiff. [4]

John Bunnell recalled in rebuttal for plaintiff.

Plaintiff proposes to prove by the witness on the stand who was the subscribing witness to the note in controversy, that the note when signed by Kintner was in the same condition as it is now, and that no addition or alteration has been made to the said note.

Defendant objects that the witness was called by the plaintiff in chief to prove the execution of the note in question, and that if plaintiff desired witness's testimony on this point he should have interrogated him in reference thereto at that time. That this evidence, under the pleadings, is not rebuttal, but is part of plaintiff's case in chief.

Objection sustained, exception noted and bill sealed for plaintiff. [7]

Verdict and judgment for defendant.   Plaintiff appealed.

*Errors assigned* were (1) in opening the judgment; (3,4,7) rulings on evidence, quoting the bill of exceptions.

*Joseph Gilfillan* and *A. A. Vosburg,* with them *George S. Graham, James R. Scouton* and *James L. Lenahan,* for appellant.—If the preponderance of the testimony is in favor of the genuineness of the instrument the judgment must stand.   The note upon which the judgment is entered cannot be declared void, nor judgment set aside except upon evidence that is indisputable : Essick's Appeal, 1 Monaghan, 588 ; Pioso v. Bitzer, 209 Pa. 503.

The signature of the maker being admitted, the burden of proof was upon those making defense to the note : Pool & Son v. White, 175 Pa. 459 ; Tassey's Appeal, 3 Atlantic Reporter, 101.

Again, where fraudulent alterations are alleged, all evidence throwing light on the transaction should be admitted : Wheeler v. Ahlers, 189 Pa. 138.

*James W. Piatt* and *John M. Garman,* with them *Everett G.*

*Harding,* for appellee.—The court below, upon the argument of the rule asking for an issue, had before it the depositions and all papers relating to the transaction between the parties, and could do nothing else than grant an issue to be tried before a jury, and the action of the court is sustained by the decisions of this court and of the Supreme Court in so doing: Schomaker v. Dean, 201 Pa. 439; Shannon v. Castner, 21 Pa. Superior Ct. 294; Com. v. Pioso, 17 Pa. Superior Ct. 45; Sossong v. Rosar, 112 Pa. 197; Harris v. Harris, 154 Pa. 501; 1 Greenleaf on Evidence, sec. 564; Jordan v. Stewart, 23 Pa. 244; Clark v. Eckstein, 22 Pa. 507; Gettysburg Nat. Bank v. Chisolm, 169 Pa. 564.

It has been held in a number of cases in this state similar to the one at bar that " as the issue stood when the case was tried, the burden of proof rested on the plaintiff: " Shannon v. Castner, 21 Pa. Superior Ct. 294; Harris v. Harris, 154 Pa. 501; Shrader v. U. S. Glass Co., 179 Pa. 623; Carson v. Coulter, 2 Grant, 121; West v. Irwin, 74 Pa. 258; Collins v. Freas, 77 Pa. 493; Harbaugh v. Butner, 148 Pa. 273.

OPINION BY PORTER, J., March 16, 1905:

There may be a doubt as to the right of the plaintiff to question the manner of the exercise of the discretion of the court below in opening the judgment by confession, and in the same appeal assign for error the rulings of the court at the jury trial, which resulted in a verdict and judgment in favor of the defendant. The appellee has not, however, challenged that right, and, as the case must go back for a new trial, the preliminary question may now be settled. After a full and careful consideration of the depositions, the contemporaneous correspondence and contracts of the parties, and the form and appearance of the rather unusual instrument upon which the judgment was entered, we are not convinced that the action of the court below, in opening the judgment, involved an abuse of discretion. The testimony of the defendant, and that of the expert witness called by him, taken in connection with the form of the instrument and the circumstances surrounding its execution, would certainly have warranted a finding that the instrument had been fraudulently changed from a simple receipt for money to a promise to pay authorizing a confession

of judgment. That the allegations of those depositions were directly contradicted by those of several other witnesses, is true, but that contradiction, taken in connection with the undisputed facts, the relations of the parties, and their contemporaneous writings, presented a proper case for the exercise of the discretion of the court below.

The plaintiff, upon the trial, called the subscribing witness, and proved the execution of the instrument upon which the judgment had been entered. He then offered the alleged note in evidence. The defendant objected upon the ground that the paper bore on its face evidence of alteration. The objection was overruled and the paper admitted in evidence. This was an explicit ruling that the paper, the defendant's signature to which had been proved, did not bear upon its face evidence of an alteration in a material part thereof. Had such an alteration appeared upon the face of this written promise to pay, it would have been the duty of the court to require the holder to produce evidence explaining the alterations before the note could be received in evidence : Clark v. Eckstein, 22 Pa. 507 ; Citizens' National Bank v. Williams, 174 Pa. 66; Sunday v. Dietrich, 16 Pa. Superior Ct. 640. The plaintiff thus having in evidence a written promise to pay, signed by the defendant, and the signature proved, rested his case. The original note was produced at the argument in this court, and we must expressly decline to pass upon the correctness of the ruling which admitted it in evidence, for that question does not arise under any of the assignments of error. The court having admitted the note in evidence, the plaintiff was justified in proceeding to try his case upon the theory that the ruling was correct.

The defendant then submitted his evidence, which did not call in question the genuineness of his signature, but did tend to establish that, by the addition of certain words at the end of the instrument and another slight alteration, it had been changed from a receipt into a promise to pay. The assertion of the defendant was that he had sold a certain claim to the plaintiff, on September 22, 1900, and had on that day received two checks upon which he collected from the bank $1,000, which was a payment on account of the sale of said claim, and that the written instrument in question was given as a receipt for the money. He testified as to the contents of

the instrument at the time he signed it, and called a number of expert witnesses who testified, in effect, that the word " push " in the body of the instrument had been written over the word " on," and that the words " paid in six months with interest; I confess judgment, condemnation, waive inquisition and exemption " had been added after the other part of the paper was written, and in the same handwriting.   He also produced oral and written evidence as to the negotiations of the parties with regard to the claim in question.   This evidence certainly indicated, or was capable of the construction, that the parties negotiated with a view to the absolute sale of the claim.

The appellant, upon the conclusion of the defendant's testimony, proposed to prove in rebuttal, by an expert witness on the stand, that the entire note had been written at one time, that nothing had been added to it since it was signed, and that it had not been altered.   The defendant objected, not upon the ground that the expert was not competent, but that the testimony was a part of plaintiff's case in chief, that having called the subscribing witness to prove the execution of the note, he was precluded from offering testimony in rebuttal which would explain the note, or the alleged alterations, and upon that ground the court sustained the objection.   The plaintiff having been sworn as a witness, it was proposed to prove by him his version of what had occurred at the negotiations relating to the alleged sale of the claim as to which the defendant had testified, that he never had agreed to purchase the claim, that he had only undertaken to prosecute it for the defendant, and that the money had been paid to the defendant as a loan and not as a payment upon any purchase of the claim, and that the witness had written the entire note which had not been altered in any respect since being signed by the defendant.   The defendant made the same objection to this testimony, and it was by the court excluded upon the same grounds.   The learned judge seems in this ruling to have relied upon a rule of the court below.   The rule was stated by the court in the following words : " And in all actions upon promissory notes or bills of exchange which may be declared on, it shall not be necessary to prove the handwriting of the drawer, acceptor or endorsers, but the same shall be taken to be admitted, unless the defendant shall at or before the time of filing plea, deny the

same to be the proper handwriting of said parties, by affidavit."
This rule manifestly refers to the proof of the signature of the
drawer, acceptor or endorser.   When the plaintiff proved the
signature of the defendant, and the court admitted the written
instrument in evidence, that rule ceased to have any applica-
tion to this case.   The plaintiff had then made out a prima
facie case : Harbaugh v. Butner, 148 Pa. 273.   The case thus
made out did not depend on the former judgment, but upon the
written promise to pay which the court had held to be regular
upon its face.   The testimony which had been taken under the
rule to open the judgment was not before the court and jury at
the trial of the issue.   The plaintiff was not bound to anticipate
what evidence as to an alteration in the note, not apparent
upon its face, the defendant might offer.   Nor could he be
held to foresee what evidence might be produced as to a failure
of the consideration for which the note was given, nor what
allegations of fraudulent dealing the defendant might make.
The correctness of the ruling which admitted the note is not
before us, and must be assumed to have been correct.   The
plaintiff was not obliged to go further in presenting his case
in chief.

The evidence presented by the defendant tending to estab-
lish an alteration in the note, not apparent upon the face there-
of, and of all the transactions between the parties, tending to
throw light upon the alleged fraud was certainly admissible :
Wheeler v. Ahlers, 189 Pa. 138.   Such evidence was, however,
new matter, which the plaintiff was not called upon to meet
until it was produced, and when produced he should have been
given an opportunity to answer it.   The third, fourth, fifth
and seventh specifications of error are sustained.   The remain-
ing specifications are without merit, and do not require dis-
cussion.

The judgment is reversed and a venire facias de novo
awarded.